Shaucic, J.
We seem to find difficulty in escaping from apparently needless difficulties surrounding the conduct of proceedings in error which culminated in Long v. Newhouse, 57 Ohio St., 348. That case is said to have been regarded by the circuit court as authority for the order of which complaint is made here. It is quite true that proceedings in error are statutory, which means that they must be conducted with substantial regard to the requirements of the statute by which they are authorized. More recent amendments of the statute made since the decision in Long v. Newhouse, have shown a manifest disposition on the part of the legislature to relieve the subject of unnecessary difficulties, and the concurrent decisions have recognized the remedial character of *416 the legislation. The recent case of Davies v. New Castle & Lowell Railway Co., 71 Ohio St., 325, proceeds upon the view that when a party desiring to bring his exceptions upon the record for the purpose of prosecuting them in a reviewing court has filed his bill of exceptions in the office of the clerk within the time fixed by statute, a subsequent delay by the clerk .in the performance of the duties which the statute lays upon him will not defeat the bill. The present question arises out of the failure of the judge to sign the bill within the time designated by the statute upon its being filed in the office of the clerk. The trial judge in the present instance being sick at the time at which the bill would naturally have been signed, at the request of the party taking the exceptions the bill was sent to another judge of the district according to the provisions of Section 11568, General Code. For some reason not disclosed by the record the judge to whom it was sent did not sign it, but it was thereafter signed by the trial judge on the 23d day of September, and on that day it was filed in the office of the clerk of the court. This was within four months after the overruling of the motion for a new trial and the rendition of the judgment in the court of common pleas.
There appears no reason why the duties of the clerk with respect to a bill of exceptions should be regarded as directory and those of the trial judge mandatory, for with respect to them, both officers act in a ministerial capacity. In neither case is there any reason why a party who has himself complied with the duties imposed upon him by law should lose a remedy because of the failure of *417 a public officer, and it is quite consistent with the rule that he should not. The correct view seems to be that the party having performed the duty which the statute imperatively imposes upon him with reference to a bill of exceptions, duties which the statute prescribes to be performed by the clerk and judge with respect to the bill, are directory merely, and the bill is effective if signed by the judge and filed in the circuit court in accordance with the requirement of Section 11572, of the General Code. Not only is this view consistent with all the substantial considerations involved in the subject, but it is much encouraged by the provisions of the section lastly cited.
Judgment of the circuit court will be vacated and the cause remanded to the court with direction to consider the bill of exceptions.

Judgment vacated and cause remanded.

Davis, C. J., Spear, Price, Johnson and Donahue, JJ., concur.